IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANN PHARMACY, INC., : | |
| : | |
| Plaintiff, : | |
| vs. : | Civil Action No. _____ |
| : | |
| SHREE NAVDURGA LLC, d/b/a RAMSRX : | Related Case No 2:16-cv-04908-BMS |
| PHARMACY, and RAMESH KOMMINENI, : | |
| : | |
| Defendants. : | |

## VERIFIED COMPLAINT

### INTRODUCTION

1. Plaintiff Rann Pharmacy, Inc. ("Plaintiff"), brings this action against Defendants Shree Navdurga LLC, d/b/a RamsRX Pharmacy, and Ramesh Kommineni (collectively, "Defendants"). Plaintiff is the owner of and has used the service mark RANN PHARMACY in the United States for independent pharmacy services for over 26 years. Plaintiff previously moved to permanently restrain and enjoin the use of Defendants' mark "RAMS PHARMACY" for their pharmacy, located at 801 West Main Street in Lansdale, Pennsylvania ("RAMS Motion"). On November 22, 2016, the Court granted in relevant part the RAMS Motion. In the Memorandum decision, the Court found that RANN PHARMACY qualified as a fanciful mark, the most distinctive category of service marks, and that RANN PHARMACY "enjoys strong commercial recognition among pharmacy consumers in the Harleysville-Landsdale area." Doc. 21, p. 12–13. During a hearing pursuant to the RAMS Motion, Defendant Kommineni represented to the Court that RAMS PHARMACY was in the process of changing its name to RAMSRX PHARMACY.[1] After the November 22, 2016 Order went into effect, Defendants

---

[1] In the Memorandum opinion ruling on the RAMS Motion, the Court stated that it would not decide whether RAMSRX PHARMACY infringed on Plaintiff's service mark because only RAMS PHARMACY was before the Court. Doc. 21 p. 2, fn. 2.

have variously used the name RAMS PHARMACY *and* RAMSRX PHARMACY for independent pharmacy services. On March 17, 2017, Plaintiff filed a Motion for Contempt related to the Defendants' violation of the court order because of Defendants' continued use of the enjoined mark RAMS PHARMACY. Defendants are also actively using the mark RAMSRX PHARMACY for their pharmacy. Despite this name change, consumers remain confused because of the similarity of the marks RAMSRX PHARMACY and RANN PHARMACY. Accordingly, Plaintiff files the instant action and seeks a temporary restraining order and preliminary injunction. In support of its Complaint, Plaintiff states as follows:

## PARTIES

2. Plaintiff Rann Pharmacy, Inc., is a Pennsylvania corporation with a principal place of business at 377 Main Street, Harleysville, Pennsylvania 19438.

3. Defendant Shree Navdurga LLC, d/b/a RamsRX Pharmacy, is a Pennsylvania limited liability company with a principal place of business at 801 West Main Street, Lansdale, Pennsylvania 19446.

4. Upon information and belief, Ramesh Kommineni ("Kommineni") is the president and/or operator of RamsRX Pharmacy and is a resident of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

5. Jurisdiction exists pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1367. The Court has the authority to grant the injunctive relief sought pursuant to 15 U.S.C. § 1116 and common law.

6. Venue over this action properly lies in the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

7.

**FACTS**

8. Plaintiff is the owner of and has used the service mark RANN PHARMACY in the United States for pharmacy services since at least as early as 1982.

9. Plaintiff has developed strong rights in and to the mark RANN PHARMACY based on long and continued use of the mark in connection with pharmacy services.

10. In addition, Plaintiff is the owner of U.S. Application Serial No. 87/077,542 for the mark RANN PHARMACY.

11. As indicated above, Plaintiff's pharmacy is located at 377 Main Street in Harleysville, Pennsylvania.

12. Defendants opened a pharmacy at 801 West Main Street in Lansdale, Pennsylvania. That location is approximately 6 miles from Plaintiff's pharmacy.

13. On November 22, 2016, this Court granted in part and denied in part Plaintiff's RAMS Motion. The Order permanently enjoined Defendants from using the name "RAMS PHARMACY" for their pharmacy, located at 801 West Main Street in Lansdale, Pennsylvania.

14. Defendant Kommineni told the Court that he was in the process of changing the name of his pharmacy to RAMSRX PHARMACY during the September 21, 2016 hearing in connection with the RAMS Motion, and submitted evidence showing registration of the mark with the Pennsylvania Department of State. Doc. 21 p. 2, fn. 2.

15. Defendants are actively using the mark RAMSRX PHARMACY for their pharmacy.

16. Defendant Kommineni was aware of and had done business with Plaintiff prior to adopting the name of his business, RAMSRX PHARMACY.

17. Given the almost identical nature of the marks and the identical channels of trade, Defendants' use of the name RAMSRX PHARMACY in very close proximity to Plaintiff's store would clearly confuse consumers into believing that Defendants' pharmacy services are provided by, licensed by, or otherwise associated with Plaintiff, when in fact they are not.

18. In fact, there has already been significant actual confusion between the marks RANN PHARMACY and RAMSRX PHARMACY.

19. Between December 22, 2016 and January 31, 2017, eight prescriptions intended for RAMSRX PHARMACY were sent by consumers in error electronically to RANN PHARMACY, causing delay in treatment and disruption of RANN PHARMACY.

20. When RANN PHARMACY received the eight prescriptions from new pharmacists outside of its immediate region, RANN PHARMACY employees called the prescribers to confirm that they were sent to the right location.

21. On December 22, 2016, two prescriptions for one patient were sent in error by a medical doctor with the Cardiology Consultants of Philadelphia, P.C. from East Norriton, Pennsylvania.

22. Another medical doctor from Grandview Hospital in Sellersville, Pennsylvania sent a prescription erroneously to RANN PHARMACY on December 22, 2016.

23. On January 23, 2017, four prescription drugs for one patient were sent erroneously from Millgrove Medical Center, Audobon, Pennsylvania.

24. On January 31, 2017, a prescription from a medical doctor in Norristown, Pennsylvania was mistakenly sent to RANN PHARMACY.

25. These examples are compelling evidence that additional consumers in the future will be confused regarding the source of origin of the parties' services or as to affiliation, connection, or association between the pharmacies.

26. As a result, Plaintiff brings the instant complaint against Defendants.

## COUNT I
### (Trademark Infringement/Unfair Competition Under 15 U.S.C. § 1125(a))

27. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

28. Plaintiff is the owner of and has used the service mark RANN PHARMACY in the United States for pharmacy services since at least as early as 1982. Plaintiff has developed strong rights in and to the mark RANN PHARMACY based on long and continued use of the mark in connection with pharmacy services. In addition, Plaintiff is the owner of U.S. Application Serial No. 87/077,542 for the mark RANN PHARMACY.

29. Defendants' use of the mark RAMSRX PHARMACY is likely to cause – and has actually caused – confusion concerning the origin of Plaintiff's services. Specifically, Defendants' use of RAMSRX PHARMACY for their commercial gain is causing and will continue to cause confusion with Plaintiff's mark RANN PHARMACY.

30. The foregoing acts constitute trademark infringement/unfair competition under 15 U.S.C. § 1125(a).

31. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled in law or equity.

32. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

33. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116.

## **PRAYER FOR RELIEF**

34. WHEREFORE, Plaintiff respectfully prays that judgment be entered in favor of it and against Defendants and that the Court:

   a. Enjoin Defendants and all those acting in concert with or on behalf of Defendants from further using the mark RAMSRX PHARMACY or similar names in commerce;

   b. Order Defendants to retract and impound infringing labels, signs, prints, packages, and advertisements bearing the infringing mark or variations; and

   c. Grant Plaintiff such other and further relief as the Court may deem proper and just in the circumstances.

Date: April 24, 2017　　　　　　　　　　Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: _/s/ Afred W. Zaher_
　　Alfred W. Zaher
　　David A. Schumacher
　　Kira Lum
　　50 S. 16th Street, Suite 3200
　　Philadelphia, PA 19102
　　(215) 665-8700
　　*Attorneys for Plaintiff*

## VERIFICATION

I, Greg Segner, President of Rann Pharmacy, Inc., am authorized to execute this Verification on behalf of Plaintiff. I have read the foregoing Verified Complaint and I believe it to be true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Dated: April 20, 2017

_____
Greg Segner