IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANN PHARMACY, INC. | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHREE NAVDURGA LLC d/b/a | : | |
| RAMSRX PHARMACY, et al., | : | No. 17-1893 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                             June 6, 2017

Last November, this Court enjoined Lakshmi Ramesh Kommineni and Shree Navdurga LLC, d/b/a Rams Pharmacy from using the service mark RAMS PHARMACY because it was likely to cause confusion with the service mark RANN PHARMACY. Kommineni responded by changing the name of his pharmacy to RAMSRX PHARMACY. Believing this change insufficient, Rann Pharmacy again sued Lakshmi Ramesh Kommineni and Shree Navdurga LLC, d/b/a RamsRX Pharmacy (together, "Defendants"[1]), again alleging service mark infringement. Rann Pharmacy moves to preliminarily enjoin Defendants from using the mark RAMSRX PHARMACY. Because Rann Pharmacy has failed to present evidence of irreparable harm, the Court will deny the motion.

---

[1] Kommineni again proceeds *pro se*, while Shree Navdurga LLC d/b/a RamsRX Pharmacy is again unrepresented. Because Kommineni is one of the owners of RamsRX Pharmacy, the Court refers to Defendants jointly. Because Kommineni proceeds *pro se*, the Court has liberally construed his pleadings and will apply the relevant law regardless of whether he has mentioned it by name. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

I.  BACKGROUND

   A. Rann Pharmacy, Rams Pharmacy, and the 2016 Infringement Lawsuit

Rann Pharmacy is an independent pharmacy owed by Greg Segner and located at 377 Main Street in Harleysville, Pennsylvania. (Compl. ¶ 2.) The pharmacy has operated under the name RANN PHARMACY since 1982. (*Id.* ¶ 8.) In June 2016, Rann Pharmacy applied for service mark registration for RANN PHARMACY from the U.S. Patent and Trademark Office ("PTO"), receiving application number 87,077,542. (*Id.* ¶ 10.)

In March 2016, Defendants opened Rams Pharmacy at 801 West Main Street in Lansdale, Pennsylvania, approximately six miles away from Rann Pharmacy. (*See id.* ¶ 12.) After several health care providers confused the two pharmacies, Rann Pharmacy sued Defendants in September 2016, alleging infringement under the Trademark Act of 1946, as amended, Pub. L. No. 79-489, 60 Stat. 427, otherwise known as the Lanham Act. Two months later, the Court concluded that the mark RAMS PHARMACY violated the Lanham Act because it is likely to cause confusion with the mark RANN PHARMACY, and enjoined Defendants from using the mark RAMS PHARMACY at the pharmacy located in Lansdale, Pennsylvania.

   B. The 2017 Infringement Lawsuit Against RamsRX Pharmacy

In late 2016, Defendants changed the name of their pharmacy to RAMSRX PHARMACY. Defendants documented the name change with numerous records: an updated license from the Pennsylvania Department of State Bureau of Professional and Occupational Affairs; acknowledgement letters from the U.S. Internal Revenue Service and the Pennsylvania Department of State Bureau of Corporations and Charitable Organizations; a billing statement from Utica National Insurance Group for RamsRX Pharmacy; a rebate check from Surescripts for RamsRX Pharmacy; Google search results for RamsRX Pharmacy; and Medicare.gov search results showing RamsRX as one of sixteen pharmacies operating near Lansdale. (Answer Ex. A);

*see also Rann Pharmacy, Inc. v. Shree Navdurga LLC*, Civ. A. No. 16-4908, 2017 WL 2423800, at *2 (E.D. Pa. June 2, 2017) (listing other records documenting the name change).

In April 2017, Rann Pharmacy filed a new service mark infringement lawsuit against RamsRX Pharmacy. Rann Pharmacy claimed that between December 22, 2016, and January 31, 2017, eight prescriptions meant for four different patients of RamsRX Pharmacy were mistakenly sent to Rann Pharmacy. (Compl. ¶¶ 19, 21–24.)[2] The allegedly erroneous prescriptions were all sent electronically from health care providers. (*Id.* ¶¶ 21–24.)

In their Answer, Defendants denied that the name RAMSRX is likely to cause, or has actually caused, confusion among pharmacy consumers. (Answer ¶¶ 17–19, 25–27, 29–32.) They specifically denied that any of the allegedly erroneous prescriptions were actually sent erroneously. (*Id.* ¶¶ 21–24.) Instead, they asserted that all four patients chose to use Rann Pharmacy as new patients, and supported their allegations with two patient affidavits and a prescriber letter. (*Id.*; *id.* Exs. D & E.) Defendants also provided records showing that the doctors in question had previously sent prescriptions to RamsRX Pharmacy, which indicated that they had previously been able to distinguish between the two. (*Id.* ¶¶ 21–24; *id.* Exs. C, D, E, & F.)

**C. Rann Pharmacy's Motion for a Preliminary Injunction**

Rann Pharmacy moves for a preliminary injunction against Defendants' use of the mark RAMSRX PHARMACY. (Pl.'s Mot. TRO/Prelim. Inj.) In support of its likelihood of success on the merits, Rann Pharmacy claims to have an incontestable and registered mark. (*Id.* at 3.) Rann Pharmacy also claims that trademark infringement amounts to irreparable injury as a matter of

---

[2] Rann Pharmacy filed a reply brief alleging that three additional prescriptions meant for RamsRX Pharmacy were mistakenly sent to Rann Pharmacy. (Pl.'s Reply to Resp. to Mot. TRO/Prelim. Inj.) Because Rann Pharmacy did not follow the Court's local rules by first filing a motion for permission to file the reply brief, the Court will not consider the reply brief in deciding this motion. Judge Berle M. Schiller R. 7.

law (*Id.* at 3–4.) Rann Pharmacy further argues that forcing Defendants to change their name will not hurt Defendants because they are a new and unestablished business, and that the public interest favors the imposition of a preliminary injunction. (*Id.* at 4–5.) Defendants object to these arguments and conclusions in all respects. (Defs.' Mot. in Opp'n.)

The Court held a hearing on the motion on May 31, 2017. Notable to the resolution of the motion, Rann Pharmacy presented no evidence of any irreparable injury that would result if the Court denied the motion for a preliminary injunction.

## II. STANDARD OF REVIEW

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). As recently clarified by the Third Circuit, a party seeking a preliminary injunction must first demonstrate that: (1) "it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not)," and (2), "it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, Civ. A. No. 16-3722, 2017 WL 2272114, at *4 (3d Cir. May 25, 2017); *accord Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly*, 2017 WL 2272114, at *4. The remaining two factors are: (3) the "possibility of harm to other interested persons from the grant or denial of the injunction," and (4) the "public interest." *Del. River Port Auth.*, 501 F.2d at 920.

## III. DISCUSSION

To receive a preliminary injunction, a plaintiff must show more than a "possibility of irreparable harm." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Instead, a plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id*; *accord Ferring Pharm., Inc.*, 765 F.3d at 217. A showing of irreparable harm is a "critical" and "threshold" factor, without which a preliminary injunction cannot be granted. *Reilly*, 2017 WL 2272114, at *4.

Although the Third Circuit once allowed Lanham Act claims to carry a presumption of irreparable harm upon a showing of a likelihood of success on the merits, the court reversed course in 2014. The court concluded that in light of the Supreme Court's decisions in *Winter* and *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), "a party bringing a claim under the Lanham Act is not entitled to a presumption of irreparable harm when seeking a preliminary injunction." *Ferring Pharm., Inc.*, 765 F.3d at 206. Instead, a party seeking a preliminary injunction in a Lanham Act case must make a "'*clear showing*'" that she is likely to suffer irreparable harm if an injunction is not granted. *Id.* at 217 (quoting *Winter*, 555 U.S. at 22); *see also Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 327 n.15 (3d Cir. 2015) (declining to hold that a showing of actual confusion creates a presumption of irreparable harm in a trademark infringement/unfair competition claim); *cf. Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 204–05 (3d Cir. 2014) (upholding a preliminary injunction in a false advertising case because the record contained specific evidence that made out a clear showing of irreparable harm).

Although the presumption is gone, the logic that previously caused the court to adopt the presumption "can, and does, inform" how the court exercises its equitable discretion. *Groupe SEB USA, Inc.*, 774 F.3d at 205 n.8. The Third Circuit explained in *Ferring* that its long-held

presumption rested on the logic that an owner's loss of control over her mark creates the potential for damage to the product or brand's reputation, a harm that is difficult to quantify. 765 F.3d at 212. These damages "include loss of control of reputation, loss of trade, and loss of good will." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990). And despite the elimination of the presumption, the Third Circuit has not imposed a requirement of *actual* irreparable injury. Instead, "*[p]otential* damage to reputation" constitutes "irreparable injury for the purpose of granting a preliminary injunction in a trademark case," *id.* at 196 (emphasis added), "so long as the plaintiff makes a clear showing" of the damage, *Groupe SEB USA, Inc.*, 774 F.3d at 205.

Despite these clear pronouncements from the Third Circuit, Rann Pharmacy argues that "trademark infringement amounts to irreparable injury as a matter of law," citing outdated precedent. (Pl.'s Mot. TRO/Prelim. Inj. 3.) To substantiate its claim, Rann Pharmacy puts forward only perfunctory allegations of harm, stating that its "loss of control of reputation, loss of reputation, loss of trade, and loss of goodwill—as demonstrated by the actual confusion that has taken place—demonstrates irreparable harm." (*Id.* at 3–4.) But this rote recitation of the *types* of irreparable harm often suffered in trademark infringement lawsuits does not constitute a "'clear showing'" of actual, or even potential, damage. *See Ferring Pharm., Inc.*, 765 F.3d at 217 (quoting *Winter*, 555 U.S. at 22). Nor do Rann Pharmacy's allegations of actual confusion. *See Arrowpoint Capital Corp.*, 793 F.3d at 327 n.15. Instead, the law obligates Rann Pharmacy to present *actual evidence* of irreparable harm, which it has not done.

Because Rann Pharmacy has failed to demonstrate that it is more likely than not to suffer irreparable harm in the absence of a preliminary injunction, the Court need not address whether Rann Pharmacy has demonstrated a likelihood of success on the merits. *See Reilly*, 2017 WL

6

2272114, at *4. The Court cannot issue a preliminary injunction against Defendants without evidence satisfying the "threshold" factor of irreparable harm. *See id.*

## IV. CONCLUSION

For the foregoing reasons, the Court denies Rann Pharmacy's motion for preliminary injunction. The Court anticipates that this case will now proceed through the regular scheduling mechanism established by Federal Rule of Civil Procedure 16, and will culminate in a motion for judgment on the pleadings, a motion for summary judgment, or a trial.

An Order consistent with this Memorandum will be docketed separately.